STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

JENNIFER SHEEHAN )
Plaintiff, )
)
VS. ) C.A. NO. 04-1698
)
THE NORTH AMERICAN MARKETING )
CORPORATION and DELAIR )
GROUP, L.L.C., )
)
Defendants. )

**SECOND AMENDED COMPLAINT**

This is a products liability action brought by the Plaintiff, Jennifer Sheehan, for serious personal injuries caused by a defective above ground pool.

**PARTIES**

1. The Plaintiff, Jennifer Sheehan, is a citizen of the State of Rhode Island, who resides in North Kingstown, Washington County, State of Rhode Island.

2. The Defendant, The North American Marketing Corporation ("NAMCO") is a Connecticut Corporation with its principle place of business at 100 Sanrico Drive, Manchester, Connecticut that sells above ground swimming pools throughout the country. In addition, NAMCO services and/or controls several retail stores throughout the east coast, including the State of Rhode Island, and derives substantial income in the State of Rhode Island from the sale of its above ground pools and related pool products.

3. The defendant, Delair Group, L.L.C., ("Delair") is a New Jersey Corporation with a principal place of business at 8600 River Road Delair, NJ 08110 that designs, manufactures and sells above ground swimming pools throughout the country to retailers including NAMCO. Delair's pools are intended to be sold and are sold to retailers in the State of Rhode Island and therefore Delair derives substantial income in the State of Rhode Island from the sale of its above ground pools and related pool products.

## JURISDICTION AND VENUE

4. This matter is subject to the jurisdiction of this Court in that the Plaintiff is a resident of the State of Rhode Island and the Defendant has sufficient contacts in the forum state.

5. In addition, the above ground pool which is the subject of this litigation was purchased at a NAMCO retail outlet in Rhode Island.

6. In addition, the value of the Plaintiff's claim exceeds the jurisdictional amount of this Court.

## FACTS

7. At some time prior to August 8, 2002, an acquaintance of the Plaintiff purchased an above ground pool at the Defendant's retail store located in Warwick, Rhode Island. The subject pool was manufactured by Delair and sold to the Plaintiff's acquaintance by the Defendant, NAMCO, Inc.

8. The above ground pool was erected by agents, servants and/or employees of NAMCO, Inc. in the backyard of the Plaintiff's acquaintance's property which was located in Warwick, Rhode Island.

9. On August 8, 2002, the Plaintiff, Jennifer Sheehan, was a guest of the Plaintiff's acquaintance at his home.

10. While a lawful visitor at the premises, Ms. Sheehan lost her balance on the unreasonably narrow, dangerous and defective decking surrounding the perimeter of the subject pool and entered the pool at an angle which caused her to strike her head on the pool floor sustaining a burst fracture of the cervical vertebrae.

11. The neck fracture has rendered Ms. Sheehan a quadriplegic.

12. Jennifer Sheehan was a person within the class of people that Delair and NAMCO should reasonably have foreseen would use or be affected by the above ground pool.

## COUNT I: NAMCO - NEGLIGENCE

13. The defendant, NAMCO, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the subject pool, as a result of which the pool was in a defective, dangerous and hazardous condition. Moreover, NAMCO negligently failed to take any steps to correct the defects, although it knew of the defects and had the ability to correct the defects at little cost.

14. As a result of NAMCO's negligence and as a result of the defective condition of the subject pool, Ms. Jennifer Sheehan was seriously injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against NAMCO, Inc. in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**COUNT II: DELAIR - NEGLIGENCE**

15. The defendant, Delair, was negligent and careless in the design, manufacture, assembly, inspection, testing, advertising, and sale of the subject pool, as a result of which the pool was in a defective, dangerous and hazardous condition. Moreover, Delair negligently failed to take any steps to correct the defects, although it knew of the defects and had the ability to correct the defects at little cost.

16. As a result of Delair's negligence and as a result of the defective condition of the subject pool, Ms. Jennifer Sheehan was seriously injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against Delair in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**COUNT III: NAMCO - BREACH OF EXPRESS WARRANTY**

17. By affirmation, promise, description and otherwise, NAMCO expressly warranted that the subject pool was free of defects and safe for its ordinary purpose.

18. In breach of these warranties, the subject pool was a defective, dangerous and hazardous condition. As a result of the breach of these warranties and of the defective condition of the subject pool, the Plaintiff, Jennifer Sheehan, was injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against NAMCO, Inc. in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**COUNT IV: DELAIR - BREACH OF EXPRESS WARRANTY**

19. By affirmation, promise, description and otherwise, Delair expressly warranted that the subject pool was free of defects and safe for its ordinary purpose.

20. In breach of these warranties, the subject pool was a defective, dangerous and hazardous condition. As a result of the breach of these warranties and of the defective condition of the subject pool, the Plaintiff, Jennifer Sheehan, was injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against Delair in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**COUNT V: NAMCO - BREACH OF IMPLIED WARRANTY**

21. NAMCO warranted, by implied warranty, that the subject pool was of merchantable quality and fit for its ordinary use.

22. In breach of these warranties, the subject pool was in a defective, dangerous and hazardous condition. As a result of the breach of these warranties and of the defective condition of the subject pool, the Plaintiff, Jennifer Sheehan, was injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against NAMCO, Inc. in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**COUNT VI: DELAIR - BREACH OF IMPLIED WARRANTY**

23. Delair warranted, by implied warranty, that the subject pool was of merchantable quality and fit for its ordinary use.

24. In breach of these warranties, the subject pool was in a defective, dangerous and hazardous condition. As a result of the breach of these warranties and of the defective condition of the subject pool, the Plaintiff, Jennifer Sheehan, was injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against Delair in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**COUNT VII: NAMCO - STRICT LIABILITY**

25. When NAMCO sold the subject pool, or otherwise placed the pool into the channels of trade, the subject pool was in a defective condition unreasonably dangerous to those people who NAMCO could reasonably foresee would use or be affected by the subject pool.

26. NAMCO is in the business of selling above ground pools such as the pool used by Jennifer Sheehan.

27. The above ground pool, particularly the decking system around the edge of the pool, reached Jennifer Sheehan as a foreseeable user of the product without substantial change in the condition in which it was sold.

28. As a result of the defective condition of the subject pool, Jennifer Sheehan was injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against NAMCO, Inc. in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**COUNT VIII: DELAIR - STRICT LIABILITY**

29. When NAMCO sold the subject pool, or otherwise placed the pool into the channels of trade, the subject pool was in a defective condition unreasonably dangerous to those people who NAMCO could reasonably foresee would use or be affected by the subject pool.

30. NAMCO is in the business of selling above ground pools such as the pool used by Jennifer Sheehan.

31. The above ground pool, particularly the decking system around the edge of the pool, reached Jennifer Sheehan as a foreseeable user of the product without substantial change in the condition in which it was sold.

32. As a result of the defective condition of the subject pool, Jennifer Sheehan was injured.

WHEREFORE, Jennifer Sheehan, hereby demands judgment against Delair in an amount in excess of that which is sufficient to satisfy the jurisdiction of this court, plus interest and costs.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL COUNTS AND DESIGNATES DAVID E. MAGLIO AND BARRY C. REED, JR. AS TRIAL COUNSEL.**

JENNIFER SHEEHAN

By her attorneys,

DAVID E. MAGLIO & ASSOCIATES, P.C.

David E. Maglio, Esq. (#3459)
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903
(401) 831-5400
(401) 833-7979 (FAX)

and

Barry C. Reed, Jr., Esq.
(Mass. BBO #542281)
Reed & Giordano, P.A.
101 Tremont Street
Boston, MA 02108
(617) 426-1166
*Admitted Pro Hac Vice*

**CERTIFICATION**

To:

Mark P. Dolan, Esq.
RICE, DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903

I hereby certify that on the 21st day of July, 2005, I caused a true copy of the *Plaintiff's Second Amended Complaint* to be mailed to the above-listed attorney.

Nancy O'Donnell

H/clients/Sheehan/pleadings/second amended complaint 72105