**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**JENNIFER SHEEHAN,**

**Plaintiff,**

**v.** **C.A. No. 05-364 S**

**THE NORTH AMERICAN MARKETING CORPORATION and DELAIR GROUP, L.L.C.**

**Defendants.**

**ANSWER**

Now comes defendant, the Delair Group L.L.C., ("Delair") and answers plaintiff's Second Amended Complaint as follows:

**PARTIES**

1. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, denies those allegations.

2. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies those allegations.

3. Admitted.

**JURISDICTION AND VENUE**

4. The jurisdictional allegations contained in Paragraph 4 of the Complaint state conclusions of law which require no answer from Delair.

5. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies those allegations.

6. The jurisdictional allegations contained in Paragraph 6 of the Complaint state conclusions of law which require no answer from Delair.

**FACTS**

7. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies those allegations.

8. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies those allegations.

9. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies those allegations.

10. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies those allegations.

11. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies those allegations.

12. Denied.

**COUNT I: NAMCO-NEGLIGENCE**

13. The allegations contained in Paragraph 13 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 13 the Complaint insofar as any allegation in Paragraph 13 might be construed to pertain to it.

14. The allegations contained in Paragraph 14 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 14 the Complaint insofar as any allegation in Paragraph 14 might be construed to pertain to it.

**COUNT II: DELAIR-NEGLIGENCE**

15. Denied.

16. Denied.

**COUNT III: NAMCO-BREACH OF EXPRESS WARRANTY**

17. The allegations contained in Paragraph 17 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 17 the Complaint insofar as any allegation in Paragraph 17 might be construed to pertain to it.

18. The allegations contained in Paragraph 18 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 18 the Complaint insofar as any allegation in Paragraph 18 might be construed to pertain to it.

**COUNT IV: DELAIR-BREACH OF EXPRESS WARRANTY**

19. The allegations contained in Paragraph 19 of the Complaint state conclusions of law which require no answer from Delair.

20. Denied.

**COUNT V: NAMCO-BREACH OF IMPLIED WARRANTY**

21. The allegations contained in Paragraph 21 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 21 the Complaint insofar as any allegation in Paragraph 21 might be construed to pertain to it.

22. The allegations contained in Paragraph 22 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 22 the Complaint insofar as any allegation in Paragraph 22 might be construed to pertain to it.

**COUNT VI: DELAIR-BREACH OF IMPLIED WARRANTY**

23. The allegations contained in Paragraph 23 of the Complaint state conclusions of law which require no answer from Delair.

24. Denied.

**COUNT VII: NAMCO-STRICT LIABILITY**

25. The allegations contained in Paragraph 25 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 25 the Complaint insofar as any allegation in Paragraph 25 might be construed to pertain to it.

26. The allegations contained in Paragraph 26 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 26 the Complaint insofar as any allegation in Paragraph 26 might be construed to pertain to it.

27. The allegations contained in Paragraph 27 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 27 the Complaint insofar as any allegation in Paragraph 27 might be construed to pertain to it.

28. The allegations contained in Paragraph 28 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 28 the Complaint insofar as any allegation in Paragraph 28 might be construed to pertain to it.

**COUNT VIII: DELAIR- STRICT LIABILITY**

29. The allegations contained in Paragraph 29 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 29 the Complaint insofar as any allegation in Paragraph 29 might be construed to pertain to it.

30. The allegations contained in Paragraph 30 of the Complaint are addressed to a party other than Delair, and therefore, require no answer from Delair. Delair denies the allegations contained in Paragraph 30 the Complaint insofar as any allegation in Paragraph 30 might be construed to pertain to it.

31. Delair is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies those allegations.

32. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Delair asserts the defense of contributory negligence.

### Third Affirmative Defense

Delair asserts the defense of comparative negligence.

### Fourth Affirmative Defense

Plaintiff's claims against Delair are barred by the doctrine of assumption of risk

### Fifth Affirmative Defense.

Plaintiff's claims against the Delair are barred by the applicable statute of limitations.

### Sixth Affirmative Defense

Delair asserts the affirmative defense that any alleged injuries or damages sustained by Plaintiff were not directly or proximately caused by any direct or indirect act or any omission of Delair but were the result of independent, intervening and/or superseding negligent and/or criminal acts or omissions of parties or non parties over whom Delair had no control and for whom Delair is not legally responsible.

**Seventh Affirmative Defense**

Delair reserves the right to raise anv other affirmative defenses that mav be

**WHEREFORE,** defendant Delair Group, LLC respectfully request that plaintiff's complaint be dismissed with prejudice, no interest, no costs.

Delair hereby demands a trial by jury.

Defendant Delair Group L.L.C.,

By its Attorneys,

Joseph V. Cavanagh (mcd)
Mary C. Dunn

Joseph V. Cavanagh, Jr. #1139
Mary Cavanagh Dunn #6712
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: (401) 831-8900
Telecopier: (401) 751-7542

Dated: August 26, 2005

**CERTIFICATE OF SERVICE**

I certify that a true copy of the within Answer was forwarded by U.S. Mail, postage prepaid and hand-delivered to the following on the 26th day of August, 2005:

Mark P. Dolan, Esq.
RICE, DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903

(Hand-Delivered)

David E. Maglio
David E. Maglio & Associates, P.C.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

(Hand-Delivered)

Barry C. Reed
Reed & Giordano, P.A.
101 Tremont Street
Boston, MA 02108

(U.S. Mail)