# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JENNIFER SHEEHAN,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 05-364 S** |
| | ) | |
| **THE NORTH AMERICAN MARKETING CORPORATION and DELAIR GROUP, L.L.C.** | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANT, DELAIR GROUP, LLC'S SUPPLEMENTAL RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PLAINTIFF, JENNIFER SHEEHAN**

Defendant Delair Group, LLC ("Delair"), objects to Plaintiff's First Request For Production Of Documents to the extent that the documents and/or information sought are protected by the attorney-client privilege and/or the work product privilege. Without waiving but specifically preserving and incorporating these preliminary objections in his Responses to the Individual Requests For Production, Delair hereby supplements its responses to that First Request For Production Of Documents as follows:

**Request No. 1**

All documents with respect to the subject pool regarding the type of pool; make; model, serial number; manufacturer; distributor; dimension of the pool and deck around the pool; weight; and cost.

**Response:** Delair will respond to this request after it has had an opportunity to conduct an on-site inspection of the subject pool.

**Supplemental Response**: The subject pool is a Johnny Weismuller Safari model, its product number is SAG1-1800xxx xx xx. It was produced between 1994-1998. The dimensions of the subject pool are 18' in diameter and 48" high. Delair manufactured the pool wall and frame, and did not manufacture or distribute the ladder, liner, filter unit, or skimmer. See photographs produced herewith in Attachment A. Attachment A includes color photographs taken by Fred Schall at the 4/27/06 site inspection of the subject pool. See documents produced herewith in Attachment B.

**Request No. 2**

Any and all documents regarding defendant's volume of sales in dollars and the number of pools sold or otherwise distributed on a monthly basis within the United States during each of the calendar years 1999-2004.

**Response:** Delair objects to this Request on the grounds that it is oppressive, unduly burdensome, overly broad, seeks documents and/or information which are irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 3**

Any and all documents regarding the method by which the subject pool as previously defined was distributed and/or sold to the ultimate user or consumer of the product, including in your answer:

(a.) the exact date on which the product was manufactured;

(b.) the names and addresses of all retail establishments to which the subject pool was shipped, the identity of the custodian of the shipment, and the exact date of such shipments;

( c.) the names and addresses of the person in the defendant's employ who arranged for the shipment of the product following its manufacture; and

(d.) name and address of each subsequent owner of the subject pool and his or her address.

**Response:** Delair will respond to this request after it has had an opportunity to conduct an on-site inspection of the subject pool.