# *GASTON LAWRENCE RAFFAELLI*

***Consulting Engineer***

5 Crescent Avenue · P. O. Box 199
Rocky Hill, New Jersey 08553

Tel: 609-924-4300 ❖ GLR Engineering@aol.com ❖ Fax: 609-683-7819


## ***Abstract of Credentials***

***EDUCATION***

Bachelor of Mechanical Engineering
Master of Mechanical Engineering
City College of New York

***LICENSES***

**Professional Engineer:** Delaware, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania

**Professional Planner:** New Jersey

**Building Inspector:** New Jersey: HHS

**Construction Official:** New Jersey: BOCA

**OSHA** HAZWOPER Certification

***CONSULTANT***

Professional Aquatic Consultants International
YMCA

***MEMBERSHIPS***

National Society of Professional Engineers
National Recreation & Parks Association
New Jersey Recreation & Parks Association
Pennsylvania Recreation & Parks Association

***EXPERIENCE***

Planning, design and construction inspection of indoor and outdoor pools and recreational centers in the Northeast.

Forensic services related to aquatic injury and property damage cases.
Experienced in general construction and construction failure

*2004*

**GASTON LAWRENCE RAFFAELLI, P. E., P. P.**

5 Crescent Avenue
P.O. Box 199
Rocky Hill, NJ 08553
Tel: 609/924-4300
Fax: 609/683-7819
GLREngineering@aol.com

April 12, 2007

Barry C. Reed Jr., Esq.
Reed & Giordano
101 Tremont Street
Boston, MA 02108

Re: Jennifer Sheehan vs. NAMCO and Delair LLC

Dear Mr. Reed,

After review of the information sent to me from your office, it is my opinion that the above ground pool in which Ms. Sheehan was swimming was defective and was the cause of this accident as discussed below.

On August 8, 2002, Jennifer Sheehan was 32 years old and a woman in good health. She had spent the afternoon with her friend Marvin Nadiger and had consumed alcohol. Medical reports following her accident indicate that at 7:56 p.m. her blood alcohol level was 0.16%. The accident occurred at approximately 7:00PM on August 8, 2002. The accident occurred when Ms. Sheehan was attempting to dive into the pool in a manner similar to the way she had done on a previous occasion. Following the first dive she got back up on the coping and intended to execute a second shallow dive. However, while standing on the coping and preparing to dive she lost her balance because the coping was unstable and narrow and then toppled uncontrolled into the pool at a steep angle. This caused her head to strike the bottom of the pool resulting in a burst fracture of the fifth cervical vertebrae and the quadriplegia tetraplegia she now has.

I have reviewed the materials sent to me regarding the accident namely depositions of Jennifer Sheehan, Marvin Nadiger, Fred Schall and Stephen Radocchia as well as photographs of the pool and pertinent sections of the medical records from Rhode Island Hospital and Spaulding Rehabilitation Hospital. It is my opinion the pool was defective because it put into the bathers field of activities a dangerous aquatic component, i.e. an unstable and narrow pool coping. It is foreseeable that the top cap or coping is a convenient resting place for swimmers who can hoist themselves onto the cap quite easily as it is only a few inches above the water level. From there the bather can slip back into the pool, or by standing up can jump or dive from it or walk to other areas of the pool. Unfortunately, because the cap is unstable and narrow it gives rise to bathers losing their balance and toppling uncontrolled into the pool, as was this case in point. Toppling uncontrolled into four feet of water can cause catastrophic injuries with disastrous results as is evident.

Jennifer Sheehan vs NAMCOand Delair LLC

The pool was manufactured by the defendant Delair Group, LLC and sold to Mr. Nadiger by NAMCO also a defendant, sometime in the late 90's. The pool is known as the Safari Round. It has a diameter of 18 feet. The depth of the water in the pool was four feet. The coping (or cap) was affixed around the top of the pool and acts as a structural member retaining the top of the pool wall as well as a device to hold the liner in place. The cap was six inches in width and made of a light gauge sheet metal.

Both NAMCO and Delair concur that users of the pool should not stand on the coping and that the coping was not designed for this purpose. Not withstanding this, it was and is foreseeable that pool users will stand on the coping surface and attempt to re-enter the pool from this surface. Had the defendants taken steps to prevent persons from standing on the coping prior to August 8, 2002, by installing a simple barrier it would have prevented Jennifer Sheehan from sitting or standing thereon. Had this design modification been in place on the pool on August 8, 2002, the injuries to Jennifer Sheehan would have been avoided.

I have developed a simple cap to act as a barrier that will fit over the existing coping for the pool this barrier may be incorporated into any similar above ground pool, and for which I am seeking a patent.

Very truly yours

Gaston L. Raffaelli

Gaston L. Raffaelli, P.E.

COMMONWEALTH OF MASSACHUSETTS GASTON L. RAFFAELLI 19256 REGISTERED PROFESSIONAL ENGINEER