**C**

Almonte v. Lakeside Swimming Pool
R.I.Super. 1994.
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Rhode Island, Kent County.
JOHN P. ALMONTE
v.
LAKESIDE SWIMMING **POOL** & SUPPLY COMPANY, JAMES SAVAGE ALIAS, CHARLENE SAVAGE, Alias, RICHARD ROE, Alias RICHARD DOE, Alias and JOHN ROE, Alias
**C.A. No. 91-657**

FILED DECEMBER 14, 1994

DECISION

GIBNEY, J.

*1 This matter is before the court on defendants' James and Charlene Savages' motion for **summary judgment** pursuant to R.C.P. 56. **Summary judgment** has previously been granted in favor of defendant Lakeside Swimming **Pool** and Supply Company on other grounds.

Plaintiff was seriously injured in 1988 when he dove off an eighteen-inch stack of chairs into the shallow end of defendants' swimming **pool** where he was an invitee. At the time of the incident plaintiff was 23

years old and was employed as a special police officer. The in-ground **pool** measured 20 feet by 40 feet and had deep and shallow ends. The **pool** had a slide and an inoperable **diving** board. Plaintiff saw another person swimming at the **pool** that day stack two chairs at the edge of the **pool**. When plaintiff stood on the seat of the chairs and **dived** off, he struck his chin on the bottom of the **pool** and sustained injuries rendering him a **quadriplegic**. Plaintiff's amended complaint alleges defendants were negligent in failing to warn plaintiff not to **dive** into a defective swimming **pool**, and in failing to maintain a safe condition, including filling the **pool** with an adequate amount of water. Defendants move for **summary judgment** on the ground that plaintiff assumed the risk.

**Summary judgment** is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990); Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). **Summary judgment** should be issued when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1991). In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion. McPhillips, 582 A.2d at 749; O'Hara v. John Hancock Mutual Life Insurance Co., 574 A.2d 135 (R.I. 1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be resolved at trial. Quimette v. Moran, 541 A.2d 855, 856 (R.I. 1988). Failure to set forth such facts will result in summary judgment being entered against the party opposing the motion. Ardente v. Horan, 117 R.I. 254, 257-58, 366 A.2d 162, 164 (1976).

In order to prevail in their affirmative defense of assumption of the risk, defendants must establish that plaintiff knew of the existence of a danger, appreciated its unreasonable character, and then voluntarily exposed himself to it. Drew v. Wall, 495 A.2d 229, 231 (R.I. 1985). The standard is subjective and is keyed to 'what the particular plaintiff in fact sees, knows, understands and appreciates.' Kennedy v. Providence Hockey Club, Inc., 119 R.I. 70, 75, 376 A.2d 329, 332 (1977). The defense must prove the plaintiff actually knew about the risk involved and appreciated its magnitude. Iadevaia v. Aetna Bridge Co., 120 R.I. 610, 616, 389 A.2d 1246, 1250 (1978). Generally

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the issue is one for the trier of fact to decide, but the issue becomes a question of law when the facts suggest only one reasonable inference. Drew v. Wall, 495 A.2d at 231.

In the present case, defendants rely on the plaintiff's deposition

*2 testimony that he had been in several other swimming **pools**, had been in the defendants' **pool** a year or two before the accident, and in defendants' **pool** 20 to 25 minutes before the accident occurred. Plaintiff also stated he knew he was **diving** into the shallow end of the **pool** and the water would reach his waist. These facts, defendants argue, indicate that plaintiff assumed the risk of seriously injuring himself when **diving** into the **pool**.

Plaintiff argues, on the other hand, that sufficient evidence exists to preclude **summary judgment**. Specifically, plaintiff states in his affidavit:

At the time of my injury, I did not know of the danger that attempting a **dive** into an in-ground **pool** could result in serious injury which would render me **quadriplegic**.

Further, I did not appreciate that my conduct in attempting the **dive** would put me in an unreasonable danger of sustaining a serious injury which would render me a **quadriplegic**.

Had I seen warning signs informing me of this unreasonable danger of serious injury, I would not have attempted the **dive**.

Plaintiff also testified at his deposition that although he waterskied in the ocean, he rarely swam in **pools** as a child or as an adult; he never took a lifesaving course and was never a lifeguard. He also stated that on the afternoon of the accident he went off the slide several times but did not jump off the **diving** board, which was broken. When he dove off the two stacked chairs, he intended to do a 'normal' **dive** and swim towards the opposite end of the **pool**.

Based on the foregoing evidence, this court concludes that defendants have not established as a matter of law that plaintiff assumed the risk of **diving** into their swimming **pool**. The evidence raises a genuine issue of fact whether plaintiff actually knew about the risk involved in **diving** into waist-deep water and appreciated the magnitude of the risk of sustaining a **quadriplegic** injury. Iadevaia v. Aetna Bridge Co., 389 A.2d at 1250. As Comment 'e' to Restatement (Second) of Torts 496D states:

Whether the plaintiff knows of the existence of the risk, or whether he understands and appreciates its magnitude and its unreasonable character, is a question of fact, usually to be determined by the jury under proper instructions from the court. The court may itself determine this issue only where reasonable men could not differ as to the conclusion.

See also, Drew v. Wall, 495 A.2d at 231.

The standard for assumption of the risk is a subjective one. The **summary judgment** evidence, viewed in the light most favorable to the non-movant, raises a question of fact whether plaintiff appreciated the magnitude of the risk of **diving** into the shallow end of the **pool**.

As there exists an issue of material fact; namely, whether plaintiff assumed the risk in **diving** in the **pool**, defendants' motion for **summary judgment** is denied.

Counsel shall submit the appropriate judgment for entry.

R.I.Super. 1994.
Almonte v. Lakeside Swimming Pool
Not Reported in A.2d, 1994 WL 931008 (R.I.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.