Westlaw.



**C**
Mullen-Hall v. Buranich
N.Y.Sup.,2003.

Supreme Court, Erie County.
Mary **MULLEN-HALL**, Individually and as Mother and Natural Guardian of Elyse Mullen,
Plaintiff,
v.
Thomas **BURANICH** and Susan **Buranich**,
Defendants.
**Index No.: 5743/99**

Jan. 17, 2003.

Parent of 11-year-old child injured while diving into private swimming pool brought personal injury action against pool's owners, individually and on behalf of child. On owners' motion for summary judgment, the Erie County Supreme Court, Mintz, J., held that: (1) child had assumed risk of diving into pool, given signs prohibiting diving which child saw and child's awareness of pool's depth, and (2) lack of supervision did not negate assumption of risk.

Motion granted.
West Headnotes
**[1] Negligence 272 ⚷1314**

272 Negligence
272XVII Premises Liability
272XVII(L) Defenses and Mitigating Circumstances
272k1310 Assumption of Risk
272k1314 k. Particular Cases. Most Cited Cases
Eleven-year-old had assumed risk of diving into privately owned shallow swimming pool, barring any recovery from pool's owner for injuries sustained in dive, even though pool was equipped with deck from which it was possible to dive; pool had been installed above-ground and therefore its height could be readily observed, deck was replete with signage observed by child prohibiting diving, no diving board was present, and child was well aware of water depth from swimming in pool for considerable amount of time before taking dive, including previous shallower dives during which child occasionally touched bottom. NY CPLR § 1411.

**[2] Negligence 272 ⚷1314**

272 Negligence
272XVII Premises Liability
272XVII(L) Defenses and Mitigating Circumstances
272k1310 Assumption of Risk
272k1314 k. Particular Cases. Most Cited Cases
Lack of supervision of privately owned swimming pool did not negate 11-year-old's assumption of risk in diving into pool.

RODGERS & COPPOLA, LLP Attorneys for Plaintiff Mark C. Rodgers, Esq. of Counsel.
HISCOCK, BARCLAY, SAPERSTON & DAY Attorneys for Defendants.

***MEMORANDUM***

MINTZ, J.:
*1 Defendants move for summary judgment dismissing the complaint in this action for injuries to the infant plaintiff which occurred while the plaintiff dove into the above-ground pool owned by the defendants.

The following facts are not in dispute: The defendants are the owners of a swimming pool which was installed entirely above-ground. The pool can be entered by way of a deck which was installed by the defendants and attached to the pool. On the deck there are open and obvious signs which read "no diving." The defendants' daughter, Jennifer Buranich, and the infant plaintiff were swimming intermittently throughout the day without

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

supervision. On the day in question, infant plaintiff was eleven years old.

During the course of the day, the infant plaintiff and Jennifer Buranich began diving into the pool from the deck. At first they did very shallow dives, taking care not to dive below the surface of the water. As the day progressed, they began diving deeper and deeper into the pool, and on some occasions, infant plaintiff touched the bottom of the pool. When the infant plaintiff would stand in the pool, she noted that the water reached midway between her waist and her shoulders.

There is some controversy whether the defendants directly warned the infant plaintiff not to dive in the pool; however, there is no controversy that there were signs, and that infant plaintiff acknowledged seeing the signs. Despite the signs, she and Jennifer Buranich continued to dive into the pool until infant plaintiff's dive which resulted in the injuries which are the subject of this action.

**I.**

Since the enactment of CPLR Article 14-A in 1974, the law regarding assumption of the risk has undergone a significant evolution, particularly in regard to sports and recreational activities. In 1997, the Court of Appeals established the current standard regarding whether a plaintiff's assumption of the risk is a complete bar to recovery, or whether under CPLR 1411, it merely diminishes the measure of damages based upon principles of comparative fault. In *Morgan v. State,* 90 N.Y.2d 471, 662 N.Y.S.2d 421, 685 N.E.2d 202 (1997), the court found 1) the owner or operator of the recreational venue has a duty to exercise care to "make the conditions as safe as they appear to be," 90 N.Y.2d at 484, 662 N.Y.S.2d 421, 685 N.E.2d 202; 2) that risks which are inherent in the sporting or recreational activity are assumed by the participant and vitiate any other duty, 90 N.Y.2d at 485, 662 N.Y.S.2d 421, 685 N.E.2d 202; and 3) that in assessing whether a defendant violated a duty of care the standard is "whether the conditions caused by the defendants' negligence are 'unique and created a dangerous condition over and above the usual dangers that are inherent in the sport.'" 90 N.Y.2d at 485, 662 N.Y.S.2d 421, 685 N.E.2d 202.

[1] In examining the condition of the defendants' swimming pool, it is clear that the conditions were as safe as they appeared to be. The pool was installed above-ground, so its height could be readily observed, in contrast to an above-ground pool which is installed below ground. *See, Amatulli v. Delhi Construction Corporation,* 77 N.Y.2d 525, 569 N.Y.S.2d 337, 571 N.E.2d 645 (1991). While defendants installed a deck for entry into the pool instead of simply using the ladder, which would have made diving impossible, a deck does not indicate that diving is appropriate, particularly not when the deck is replete with signage which prohibits diving. The defendants did not install a diving board or platform. *See, Price v. Kowalski,* 258 App.Div.2d 637, 685 N.Y.S.2d 800 (2d Dept.1999). The shallowness of the water and the inappropriateness of diving into it was open and obvious considering the condition of the pool and the signs displayed on the deck.

*2 There is considerable proof that the infant plaintiff was aware of the depth of the water by her swimming within the pool for a considerable amount of time before taking the dive which resulted in her injuries. This is in stark contrast to the facts of *Taylor v. Village of Ilion,* 265 App.Div.2d 841, 695 N.Y.S.2d 467 (4th Dept.1999) , upon which plaintiff relies. In that case, the plaintiff dove into a swimming hole at the base of a waterfall in which he had never been before. His companion dove into the swimming hole from a concrete abutment ten feet above, swam five to six feet, and stood in waist high water. When the plaintiff inquired about the depth of the water into which the companion dove, the companion answered that it was "deep enough." The Fourth Department found fact questions as to the condition of the swimming hole and as to plaintiff's awareness of the shallowness of the water. Neither question exists here. The depth of the water was readily observed and infant plaintiff, who had been in the water all day, knew its depth. That awareness distinguishes this case from *Taylor*, and likens it to *Colon v. City of New York,* 200 App.Div.2d 704, 607 N.Y.S.2d 371 (2d Dept.1994), wherein

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

summary judgment was granted based upon assumption of the risk by a fourteen year old plaintiff who acknowledged the signs prohibiting diving and an awareness of the depth of the water.

**II.**

[2] Plaintiff also claims that defendants' lack of supervision negates any assumption of the risk. However, the case law is clear that lack of supervision or lack of enforcement of a "no diving" rule does not negate assumption of the risk, even where the participant is an infant. *See, Cook v. Town of Oyster Bay,* 267 App.Div.2d 192, 699 N.Y.S.2d 299 (2d Dept.1999), where infant plaintiff slipped on a diving board. Despite a claim of lack of supervision, the court found assumption of the risk where the infant plaintiff had used the diving board on prior occasions. Similarly, in *Colon*, the infant plaintiff claimed lack of enforcement by the lifeguards of the "no diving" rule, yet the court found assumption of the risk. In cases other than injuries at a swimming pool, the courts have consistently held that lack of supervision of an infant plaintiff will not negate assumption of the risk. *See, e.g., Palozzi v. Priest,* 280 App.Div.2d 986, 720 N.Y.S.2d 676 (4th Dept.2001), involving a 13 year old's use of a trampoline.

**III.**

*3 Plaintiff also claims that an eleven year old cannot assume the risk as a matter of law. While on a couple of occasions the courts have determined that an infant plaintiff is too young to appreciate the risk, those cases involved infant plaintiffs who were considerably younger. In *Trainer v. Camp Hadar Hatorah,* 297 App.Div.2d 731, 748 N.Y.S.2d 386 (2d Dept.2002), the court found that a seven year old had not assumed the risk of injury on a swing set, when there was no proof offered that the infant plaintiff had appreciated any risk of the use of the swing set. And in *Roberts v. New York City Housing Authority,* 257 App.Div.2d 550, 685 N.Y.S.2d 23 (1st Dept.1999), the court found that a six year old had not assumed the risk of burns from excess steam emanating from an exposed hose by climbing over a fence to take a shortcut to a playground.

Courts have found that infants comparable in age to the infant plaintiff had assumed the risk where, as here, the risk was inherent in the activity. In *Auwater v. Malverne Union Free School District,* 274 App.Div. 528 (2d Dept. 2000), the court found that as a matter of law an eleven year old had assumed the risks inherent in playing on a jungle gym. Similarly, in *Milea v. Our Ldy of Miracles Roman Catholic Church,* 290 App.Div. 424 (2d Dept. 2002), the court found that a seventh grader had assumed the risk of injury on the support bars of a portable basketball hoop by engaging in a game of basketball.

It is not necessary in this case to determine whether an eleven year old has assumed the risk of diving into an above-ground pool as a matter of law. There is considerable proof in this case based upon the fact that the infant plaintiff had been playing all day in the pool, that she knew the depth of the water in the pool, that she had read the signs prohibiting diving, and that during the course of her diving deeper and deeper into the water she had occasionally hit the bottom of the pool, that this infant plaintiff had assumed the risk that in diving into this pool she would hit the bottom of the pool. An injury caused by hitting the bottom of the pool is inherent in the activity of diving into shallow water. Under *Morgan v. State,* the plaintiff assumed the risk.

Finally, plaintiff offers the affidavit of the infant plaintiff which states that on the day in question, she did not appreciate that diving into the pool was dangerous or unsafe. This conclusory affidavit is contrary to the weight of the infant plaintiff's deposition testimony. Furthermore, the test for assumption of the risk is not whether the plaintiff could foresee the injury, but whether the plaintiff could appreciate the risks inherent in diving into shallow water. Given the number of times she had already hit the bottom of the pool, it is clear that she was aware that a dive could result in contact with the bottom of the pool. This is sufficient to find that the infant plaintiff assumed the risk.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

For the foregoing reasons, defendants' motion for summary judgment dismissing the complaint is granted. Submit order.

N.Y.Sup.,2003.
Mullen-Hall v. Buranich
Not Reported in N.Y.S.2d, 2003 WL 174208 (N.Y.Sup.), 2003 N.Y. Slip Op. 40003(U)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.